UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DONALD LEONARD STURGIS,<br><br>Defendant. | Case Nos. 03-CR-0354 (2) (JNE);<br>13-CV-0945 (JNE)<br><br>ORDER |

    Defendant Donald Leonard Sturgis was found guilty of conspiracy to distribute cocaine base and aiding and abetting possession of cocaine base with intent to distribute and was sentenced to a 336-month term of imprisonment. Sturgis previously sought relief from that sentence on a variety of grounds under 28 U.S.C. § 2255, but each argument was rejected and the § 2255 motion was denied on July 22, 2013. *See* ECF No. 352. More than three years later, Sturgis now seeks relief from the judgment in the earlier § 2255 proceedings pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. *See* ECF No. 381.[1] As explained below, that motion is denied.

    Only in rare circumstances may a prisoner bring a "second or successive" motion under § 2255. First, such a motion must be certified by the appropriate court of appeals before it may be entertained by the district court. Second, such a motion may only be certified by the court of appeals if it contains "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no

---

[1] Sturgis has also filed a motion for leave to file his Rule 60(b) motion. *See* ECF No. 380. That motion is granted insofar as the Court has docketed and considered Sturgis's Rule 60(b) motion. *See Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002).

reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).  Where a Rule 60(b) motion relating to earlier § 2255 proceedings contains claims that are "'in substance'" the kind that should be brought under § 2255, the Rule 60(b) motion must be treated as a second or successive motion under § 2255 and — if the prisoner has not obtained certification from the appropriate court of appeals — dismissed without prejudice for lack of jurisdiction  *United States v. Lee*, 792 F.3d 1021, 1023 (8th Cir. 2015) (quoting *Gonzales v. Crosby*, 545 U.S. 524, 531 (2005)).

In substance, Sturgis's Rule 60(b) motion consists mostly of claims that may be brought only pursuant to § 2255.  Specifically, Sturgis repeats his argument that he was denied effective assistance of counsel on direct appeal (a claim that was rejected on the merits when presented in the original § 2255 motion, *see* ECF No. 352 at 8-10) and brings a new claim that the "rule of lenity" requires that his sentence be vacated.  These claims either were brought or could have been brought in the original § 2255 proceedings.  But Sturgis may not use Rule 60(b) to reopen claims that were raised in the initial § 2255 motion.  *See Lee*, 792 F.3d at 1023.  Nor may Sturgis use Rule 60(b) to reopen concluded § 2255 proceedings in order to assert additional claims.  *See Tyler v. Purkett*, 413 F.3d 696, 700 (8th Cir. 2005).  In these respects, Sturgis's Rule 60(b) motion is in fact a second or successive motion under § 2255.  Because that motion is without certification from the Eighth Circuit Court of Appeals, the Court is without jurisdiction over those claims, which must be dismissed without prejudice.

In contrast, a prisoner may use Rule 60(b) to attack a "defect in the integrity of the [initial § 2255] proceedings." *Lee*, 792 F.3d at 1023 (quoting *Gonzales*, 545 U.S. 532-33).  One aspect

of Sturgis's motion acts not as a second or successive § 2255 motion, but as an attack on the earlier § 2255 proceedings as having been conducted contrary to the Rules Governing Section 2255 Proceedings for the United States District Courts.  Unlike the other aspects of Sturgis's Rule 60(b) motion, the Court has jurisdiction over this claim.  Nevertheless, the claim will be denied.  Despite not having been provided additional time in which to file a reply brief and not having been afforded a hearing on his claims, Sturgis was given a full and fair opportunity to litigate his original § 2255 motion.  *See, e.g.*, *United States v. Moreno*, No. 11-CR-0178 (ADM/LIB), 2013 WL 1104766, at *1 (D. Minn. Mar. 18, 2013) ("[T]he Government's Response does not give the Defendant an automatic right to reply.").  The claims raised in the initial § 2255 proceedings were fully intelligible and not dependent upon further legal or factual development.  Neither a hearing nor further briefing was necessary.  Thus, no error was committed, much less the kind of error that would amount to such a "plain usurpation of power" as to render the judgment in the earlier § 2255 proceedings wholly void (and therefore amenable to rectification under Rule 60(b)(4)).  *Kocher v. Dow Chemical Co.*, 132 F..3d 1225, 1230 (8th Cir. 1997) (quotation omitted).

To the extent that Sturgis's Rule 60(b) motion is in substance a second or successive motion for relief under § 2255, that motion is denied without prejudice for lack of jurisdiction. In all other respects, the motion is denied with prejudice.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Defendant Donald Leonard Sturgis's motion for leave to file a Rule 60(b)(4) and 60(b)(6) motion [ECF No. 380] is GRANTED.

2. Sturgis's Rule 60(b) motion [ECF No. 381] is DENIED as follows:

    a. The substantive claims for relief from Sturgis's sentence are DENIED WITHOUT PREJUDICE for lack of jurisdiction.

    b. Sturgis's claims attacking the validity of the July 23, 2013 judgment are DENIED WITH PREJUDICE.

3. Insofar as a certificate of appealability is required to appeal from this order, no certificate of appealability will be granted. *See* 28 U.S.C. § 2253(c)(1)(B).

Dated: April 3, 2017

s/Joan N. Ericksen
Joan N. Ericksen
United States District Court Judge